**EXHIBIT**

**003**

Filed for Record
2/5/2024 9:29 AM
Tom Green County, Texas
Anthony Joseph Monico, District Clerk
Cynthia Gonzales, Deputy

CAUSE NO. _____

| | | |
|---|---|---|
| **EVA DEANDA** | § | **IN THE DISTRICT COURT OF** |
| *Plaintiff* | § | |
| | § | |
| **V.** | § | _____ **JUDICIAL DISTRICT** |
| | § | |
| **LUMIO HX INC. AND ZENITH** | § | |
| **SECURITY LLC D/B/A DECA** | § | |
| *Defendants* | § | **TOM GREEN COUNTY, TEXAS** |

---

### PLAINTIFF'S ORIGINAL PETITION AND REQUESTS FOR DISCLOSURE

---

TO THE HONORABLE JUDGE OF SAID COURT:

COMES NOW PLAINTIFF, EVA DEANDA, ("Plaintiff") and complain of LUMIO HX INC. AND ZENITH SECURITY LLC D/B/A DECA ("Standard"), herein ("Defendants"); Jointly and Severally, and for cause of action would respectfully show unto the Court the following:

### I. PARTIES

1.      Plaintiff EVA DEANDA is a natural person who resides in San Angelo, Tom Green County, Texas.

2.      Defendant, LUMIO HX INC., is a foreign corporation doing business in Texas that may be served with process by serving its registered agent CT Corporation System at 1999 Bryan St., Ste. 900, Dallas, TX 75201 or wherever it may be found.  Pursuant to Rule 28 of the Texas Rules of Civil Procedure, Plaintiff demands that this Defendant answer in its correct name.

3.      Defendant, ZENITH SECURITY LLC D/B/A DECA is a foreign company doing business in Texas that may be served with process by serving its registered agent Sara L. Getzfrid, 3006 Mulberry Lane, Rowlett, Texas 75088 or wherever she may be found.  Pursuant to Rule 28

1

Copy from re:SearchTX

of the Texas Rules of Civil Procedure, Plaintiff demands that this Defendant answer in its correct name.

## II. DISCOVERY LEVEL

4.    In accordance with the Texas Rules of Civil Procedure, this case should be conducted under Level Two (2).  Further and in compliance with Texas Rule of Civil Procedure 47, the amount of monetary relief sought is over $250,000.00, but less than $1,000,000.00.

## III.  JURISDICTION AND VENUE

5.    This Court has subject matter jurisdiction because the damages sought are in excess of the minimum jurisdictional limits of the court and there exists a justiciable controversy for which relief is sought. This Court has personal jurisdiction over these Defendants because they are either citizens of Texas or are doing business in Tom Green, Texas. Defendants have purposefully availed themselves of the privilege of conducting business in the State of Texas and established minimum contacts sufficient to confer jurisdiction over them, the assumption of jurisdiction over these Defendants will not offend traditional notions of fair play and substantial justice and is consistent with the constitutional requirements of due process. Defendants should be considered at home in Texas for jurisdictional purposes.

6.    Venue is proper in Tom Green County, Texas, because one or more Defendants are doing business in this county.  All or a substantial part of the actual events or omissions giving rise to Plaintiff's claims occurred in Tom Green County, Texas.  Therefore, pursuant to Texas Civil Practice & Remedies Code section 15.002(a)(1), venue is proper in Tom Green County, Texas.

## IV. FACTS

7.    Defendants are in the business of going door-to-door and soliciting the sale of solar panel systems to homeowners in Texas. The solar panel systems cost tens of thousands of dollars

2

Copy from re:SearchTX

and Defendants works with a third-party financing company to secure financing for the homeowners to pay for these systems. The financing is secured by a lien on the homestead. Defendants make several promises to induce sales: they claim that the solar panels will produce all or nearly all of the home's energy needs, that the system will generate enough energy such that the owners can sell energy back to power companies, that the owners will no longer need to pay electricity bills, and that the owners will receive a tax credit from the federal government. These representations all turn out to be completely or mostly false. Furthermore, the poor installation of these panels damaged Plaintiff's roof and caused damage to her property.

8.      Tyler Kalakish was the employee of Zenith Security LLC D/B/A Deca and is the person who approached Plaintiff and applied a high-pressured sales pitch. Lumio Hx Inc. and Zenith Security LLC D/B/A Deca worked together to secure the sale, financing, and lien on Plaintiff's homestead, and Zenith Security LLC D/B/A Deca arranged for its installation.

9.      Additionally, the contract and material terms were different in the copy of the contract Plaintiff received than the contract Plaintiff actually signed. Defendants further promised that nearly all of Plaintiff's home's energy needs would be provided by the solar panel system, but this has never been true. Plaintiff is now paying off the loan for the solar panels and their regular electricity bill. Furthermore, Defendants never disclosed that a lien would be placed on their home. Their homestead is now at risk of foreclosure. Defendants made multiple misrepresentations to Plaintiff, has cost her thousands of dollars, and they have the certainty of debt hanging over their head for years to come. Plaintiff is seeking all available remedies allowed by law.

## V. BREACH OF CONTRACT AND PROMISSORY ESTOPPEL

10.      Plaintiff and Defendants entered a contract, Plaintiff performed the contract, and Defendants failed to perform. As a result, Plaintiff suffered damages.

3

Copy from re:SearchTX

11.	With respect to the representations, assurances and promises made by Defendants to Plaintiff, upon which Plaintiff relied to their detriment, Defendant(s) are also liable to Plaintiff under the doctrine of promissory estoppel, as that term is applied under the laws of the State of Texas.

## VI. TEXAS DECEPTIVE TRADE PRACTICES ACT VIOLATIONS

12.	Defendants engaged in false, misleading, and deceptive acts, practices and/or omissions actionable under the Texas Deceptive Trade Practices – Consumer Protection Act. Plaintiff are consumers under the DTPA and Defendants committed multiple violations of that Act.

13.	Unconscionable Action or Course of Action. Defendants engaged in an "unconscionable action or course of action" to the detriment of Plaintiff as that term is defined by Section 17.45(5) of the Texas Business and Commerce Code, by taking advantage of the lack of knowledge, ability, experience, or capacity of Plaintiff to a grossly unfair degree.

14.	Violations of Section 17.46(b). Defendants violated section 17.46(b) of the Texas Business and Commerce Code in that Defendants:

(a) caused confusion or misunderstanding as to affiliation, connection, or association with, or certification by, another;

(b) represented that goods or services have sponsorship, approval, characteristics, ingredients, uses, benefits, or quantities which they do not have or that a person has a sponsorship, approval, status, affiliation, or connection which the person does not;

(c) represented that an agreement confers or involves rights, remedies, or obligations which it does not have or involve, or which are prohibited by law;

(d) misrepresented the authority of a salesman, representative, or agent to negotiate the final terms of a consumer transaction;

4

Copy from re:SearchTX

(e) represented that a guaranty or warranty confers or involves rights or remedies which it does not have or involve; and

(f) failed to disclose information concerning goods or services which was known at the time of the transaction with the intention to induce the consumer into a transaction into which the consumer would not have entered had the information been disclosed.

15. Breach of Warranty. Defendants breached the warranty of merchantability and the warranty of fitness for a particular purpose, and such breach is actionable under Section 17.50(a)(2) of the Texas Business and Commerce Code.

16. The acts, practices, and omissions complained of were the producing cause of Plaintiff's damages. Plaintiff relied on the representations and actions of Defendants to Plaintiff's detriment.

17. Defendants' false, misleading and deceptive acts, practices, and omissions were committed knowingly as defined by section 17.45(9) of the Texas Business and Commerce Code, in that Defendants had actual awareness of the falsity, deception, or unfairness of such acts, practices, and or omissions. As a result of these actions, Plaintiff sustained a high degree of mental pain and distress of such nature, duration, and severity that permits recovery under Texas law.

### VII. FRAUD

18. Defendants made materially false misrepresentations to Plaintiff with knowledge of their falsity or with reckless disregard of the truth with the intention that such representations be acted upon by Plaintiff, and Plaintiff relied on these representations to their detriment. In addition, Defendants concealed or failed to disclose material facts within the knowledge of Defendants that Defendants knew that Plaintiff did not have knowledge of the same and did not have equal opportunity to discover the truth, and Defendants intended to induce Plaintiff to enter

5

Copy from re:SearchTX

into the transaction made the basis of this suit by such concealment or failure to disclose. Defendants' fraud proximately caused the damages described in this Petition.

## VIII. NEGLIGENT MISREPRESENTATION

19.    Defendants supplied false information in the course of their business, profession, or employment, or in the course of a transaction in which Defendants had a pecuniary interest, and that such information was supplied by Defendants for the guidance of Plaintiff in the transaction described in this Petition. Defendants failed to exercise reasonable care or competence in obtaining or communicating such information. Plaintiff suffered pecuniary loss which was proximately caused by Plaintiff's justifiable relance on such information.

## IX.  CONSPIRACY

20.    Defendants, holding themselves out as solar energy system sellers and solar energy system installers, intentionally and fraudulently conspired to engage in the wrongful acts and omissions described in this Petition. The elements of a civil conspiracy claim are (1) two or more persons, (2) an object to be accomplished, (3) a meeting of the minds on the object or course of action, (4) one or more unlawful, overt acts, and (5) damages as the proximate result.  *Massey v. Armco Steel Co.,* 652 S.W.2d 932, 934 (Tex. 1983).  Defendants acted in concert and their actions met every element of civil conspiracy as described herein. As a result of this conspiracy, Plaintiff suffered the damages described herein.

## X.  RESPONDEAT SUPERIOR

21.    Defendants are liable for the torts committed by their employees and agents during the course and scope of their employment and agency. Defendants' employees, owing the same duties identified in this Petition, committed the torts described in this Petition. As a result, Defendants are liable for injuries suffered by Plaintiff.

Copy from re:SearchTX

## XI.  DAMAGES

22.    As a direct and proximate result of Defendants' actions described in this Petition, Plaintiff suffered damages for which they seek monetary relief of over $100,000.00 but not more than $1,000,000.00:

A.    Mental anguish and emotional distress in the past and future;

B.    Economic damages, including costs to retain an attorney;

C.    Additional damages under the DTPA;

D.    Actual damages;

E.    Consequential damages;

F.    Loss of benefit of the bargain;

G.    Credit impairment, loss of credit, and damage to credit reputation;

H.    Interest and/or finance charges assessed against Plaintiff;

I.    Diminished or reduced market value;

G.    Reasonable and necessary attorney's fees incurred in bringing this action.

## XII.  EXEMPLARY DAMAGES

23.    Defendants' conduct, when viewed from the standpoint of the actors at the time of the occurrence, involved an extreme degree of risk, considering the probability and magnitude of the potential harm to others. Defendants' conduct illustrates not only an attitude of conscious indifference for the rights, safety, and welfare of others, but also shows Defendants' actual and subjective awareness of the dangers of such conduct.

24.    Nevertheless, Defendants proceeded with conscious indifference to the rights, safety, or welfare of others, including Plaintiff. Therefore, Defendants are liable for exemplary/punitive damages.

## XIII.  CONDITIONS PRECEDENT

7

25.     All conditions precedent to all actions alleged herein have been performed or have occurred as required by Texas law.

## XIV. PRAYER

26.     WHEREFORE, PREMISES CONSIDERED, Plaintiff pray that the Defendants be cited to appear and answer herein and that upon final trial hereof that they be liable and have a judgment against the Defendants for the damages as specified above, plus the costs of Court, pre-judgment and post-judgment interest at the legal rate, and for such other and further relief to which Plaintiff may be justly entitled under the facts and circumstance, at law or in equity.

Respectfully Submitted,

**KGS LAW GROUP**

By: /s/ *Gabriela A. Lopez-Ruperto*
Brandon A. Kinard
State Bar No. 24079744
Abraham Garcia
State Bar No. 24078005
Carlos A. Saldaña
State Bar No. 24086403
Alexander M. Menchaca
State Bar No. 24109546
Hector Salinas
State Bar No. 24051696
Adelyn Torres
State Bar No.24115833
Gabriela A. Lopez-Ruperto
Texas Bar No. 24138945
150 W Parker Rd, Suite 705-B
Houston, Texas 77076
Telephone No. (281) 962-7772
Facsimile No.  (281) 962-7773
E-Service and Correspondence Email:
service@kgslawpllc.com
**ATTORNEY FOR PLAINTIFF**

8

Copy from re:SearchTX

## Automated Certificate of eService

This automated certificate of service was created by the efiling system. The filer served this document via email generated by the efiling system on the date and to the persons listed below. The rules governing certificates of service have not changed. Filers must still provide a certificate of service that complies with all applicable rules.

BRANDON KINARD on behalf of ABRAHAM GARCIA
Bar No. 24078005
KGS@KGSLAWGROUP.COM
Envelope ID: 84129151
Filing Code Description: Petition
Filing Description: Petition
Status as of 2/5/2024 10:05 AM CST

Case Contacts

| Name | BarNumber | Email | TimestampSubmitted | Status |
|---|---|---|---|---|
| Abraham Garcia | | service@kgslawpllc.com | 2/5/2024 9:29:53 AM | SENT |
| Brandon Kinard | | litigation@kgslawpllc.com | 2/5/2024 9:29:53 AM | SENT |

Copy from re:SearchTX